Zeki **KOCHISARLI**, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71700.

United States Court of Appeals, Ninth Circuit.

Submission deferred Oct. 12, 2005.

Resubmitted Nov. 23, 2005.*

Filed Dec. 6, 2005.

David M. Illions, Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Elizabeth J. Stevens, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Petitioner Zeki Kochisarli appeals the decision of the Board of Immigration Appeals (BIA), which affirmed without opinion the Immigration Judge's (IJ) denial of Kochisarli's applications for asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal. We affirm the decision of the BIA.

■ It has been settled for some time that we have no jurisdiction to review an IJ's application of the one-year time bar to claims of asylum under 8 U.S.C. § 1158(a)(3). *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). Kochisarli argues that the REAL ID Act restores our jurisdiction, pursuant to a provision which states that this court can review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D) (as amended). Kochisarli raises no constitutional claims, but instead argues that "changed circumstances ... materially affect [his] eligibility for asylum." *See* 8 U.S.C. § 1158(a)(2)(D). He claims that the determination of changed circumstances is a question of law now open for our review.

Kochisarli's argument is foreclosed by the decision in *Ramadan v. Gonzales,* 427 F.3d 1218 (9th Cir.2005). In *Ramadan,* we held that "the existence of 'changed circumstances' that materially affect eligibility for asylum is a predominately factual determination, which will invariably turn on the facts of a given case." 427 F.3d at 1221–22 (citations omitted). Thus, Kochisarli's claim does not present a "question of law" within the meaning of the REAL ID Act, and we lack jurisdiction to review any claim regarding his asylum application. *Id.*

■ Kochisarli also disputes the fairness of his hearing before the IJ, but he does not present a cognizable claim. Rule 28(a)(9)(A) states that the argument in an appellant's brief must contain "appellant's contentions and the reasons for them." Fed. R.App. P. 28(a)(9)(A). Furthermore, we "will not manufacture arguments for an appellant ... [and failure] to present a specific, cogent argument for our consideration" deprives us of jurisdiction to discuss or decide those claims. *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir.1997) (citations and internal quotation marks omitted). However, even if Kochisarli had cogently raised a plausible due process argument on the facts he presents, he fails to demonstrate prejudice. Kochisarli alleges that certain comments made by the IJ are unfair, but taken as a whole those comments appear to demonstrate only helpfulness. The IJ repeatedly suggested to Kochisarli that he had a valid avenue of relief, even though his claims for asylum and withholding of removal were lacking. Such suggestions cannot be considered prejudicial, and may themselves be required by due process. *See United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir. 2000).

■ Kochisarli also questions the propriety of the BIA streamlining procedure. We have held that the decision to streamline is reviewable in a case where we "have jurisdiction to review the merits, such as an asylum case or a cancellation of removal case in which the IJ's decision is not based on a discretionary factor." *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003). Because we have no jurisdiction over Kochisarli's asylum claim, the decision to streamline that portion of the case is certainly unreviewable. But even

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

for Kochisarli's remaining claims, review of the decision to streamline is available only if his arguments raise novel legal issues or present a complex factual situation that would necessitate direct review of the BIA's decision to streamline. *Chong Shin Chen v. Ashcroft,* 378 F.3d 1081, 1088 (9th Cir.2004) (citing *Falcon Carriche,* 350 F.3d at 853 n. 7). Kochisarli's claim is fact-specific and personal to Kochisarli, raising no novel legal issues, and so any analysis thereof "becomes indistinguishable from the merits," which are reviewed *supra. Falcon Carriche,* 350 F.3d at 855.

For the foregoing reasons, the decision of the BIA is **AFFIRMED.**